UNITED STATES of America,
Plaintiff–Appellee

v.

Samuel James WILLIAMS,
Defendant–Appellant.

No. 03–21164.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Aug. 25, 2004.

James Lee Turner, Assistant U.S. Attorney, Julia Bowen Stern, Assistant U.S. Attorney, Houston, TX, for Plaintiff–Appellee.

Roland E. Dahlin, II, Federal Public Defender, Brent Evan Newton, Assistant Federal Public Defender, Houston, TX, for Defendant–Appellant.

Before KING, Chief Judge, and HIGGINBOTHAM and PICKERING, Circuit Judges.

PER CURIAM:*

Samuel James Williams was convicted in a bench trial of being a felon in possession of a firearm. He argues on appeal that the district court erroneously based its denial of his motion to suppress on *Fields v. City of South Houston,* 922 F.2d 1183 (5th Cir.1991), because *Fields* has since been implicitly overruled by intervening Supreme Court cases, including *Wilson v. Arkansas,* 514 U.S. 927, 115 S.Ct. 1914, 131 L.Ed.2d 976 (1995), and *Atwater v. City of Lago Vista,* 532 U.S. 318, 121 S.Ct. 1536, 149 L.Ed.2d 549 (2001).

This court is bound by its decision in *Fields* unless the Supreme Court intervenes and implicitly or explicitly overrules *Fields.* *See United States v. Short,* 181 F.3d 620, 624 (5th Cir.1999). "[F]or a panel of this court to overrule a prior decision, we have required a Supreme Court decision that has been fully heard by the Court and establishes a rule of law inconsistent with our own." *Causeway Medical Suite v. Ieyoub,* 109 F.3d 1096, 1103 (5th Cir.1997), *overruled on other grounds by Okpalobi v. Foster,* 244 F.3d 405 (5th Cir.2001)(en banc). *Wilson* did not consider any aspect of the *Fields* rule that a warrant is not required for arrests for misdemeanors occurring outside of an arresting officer's presence. *See Wilson,* 514 U.S. at 929–37. In *Atwater,* the Supreme Court specifically declined to con-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sider whether "the Fourth Amendment entails an 'in the presence' requirement for purposes of misdemeanor arrests." *Atwater*, 532 U.S. at 340 n. 11. Therefore, *Wilson* and *Atwater* did not establish a rule of law different from that in *Fields* and we are bound by our decision in *Fields*. *See Causeway Medical Suite*, 109 F.3d at 1103.

Williams also argues that *Atwater* and *Maryland v. Pringle*, 540 U.S. 366, 124 S.Ct. 795, 157 L.Ed.2d 769 (2003), plainly suggest that there is a presence requirement for warrantless misdemeanor arrests. However, neither *Atwater* nor *Pringle* specifically considered this issue. *See Pringle*, 124 S.Ct. at 798–99; *Atwater*, 532 U.S. at 340 n. 11. Therefore, the district court's decision is AFFIRMED.